## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY MASTRENDI,

    Plaintiff,

v.

APRIA HEALTHCARE, INC.,

    Defendant.

Case No. _____

**JURY TRIAL DEMANDED**

### COMPLAINT

NOW COMES Plaintiff, Kelly Mastrendi, by and through her attorney, Sean L. Ruppert, Esq. of Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1.    Plaintiff brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C §§12101-12213, and the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq.

### II. Jurisdiction and Venue

2.    This action arises under the ADA, 42 U.S.C §12101-12213, and the FMLA, 29 U.S.C. § 2601 et seq. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3.    Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4.     Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding her allegations under the ADA on March 22, 2017, under charge number 533-2017-00746. *See Exhibit 1.*

5.     Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on November 7, 2017. This Complaint has been filed within ninety (90) days of the Plaintiffs receipt, thus making this action timely.

### III. Parties

6.     Plaintiff, Kelly Mastrendi ("Plaintiff"), is an adult individual with a primary residence located at 100 Wildflower Circle, Apt 101, Washington, Washington County, Pennsylvania 15301.

7.     Defendant, Apria Healthcare, Inc. ("Defendant") is a Pennsylvania corporation with headquarters at 26220 Enterprise Court, Lake Forest, Orange County, California 92630-8405. The address where Plaintiff worked was 701 Technology Drive, Canonsburg, Washington County, Pennsylvania 15317

### IV. Facts

8.     Plaintiff began working for Defendant on August 31, 2015 as a customer service agent.

9.     During her interview with Frank Certich, Plaintiff disclosed that she was diagnosed with heart issues, previous multiple back surgeries and ongoing ankle problems.

10.     During her interview, Plaintiff requested accommodations in the form of unpaid time off, and a short break every hour so she could stand and walk around for a few moments.

11.     Certich told Plaintiff that these requests were reasonable, and that Defendant would accommodate Plaintiff.

12.     Certich and Jess Clifford, one of Plaintiff's supervisors, granted Plaintiff's accommodations during her initial training period.

13.     Both Certich and Clifford advised Plaintiff to formally apply for the accommodations through Defendant's Human Resource Department.

14.     Following Certich's and Clifford's instruction, Plaintiff requested the accommodations through Defendant's Human Resource Department.

15.     Defendant's Human Resource Department granted her request, in six-month intervals.

16.     Plaintiff worked with the accommodations, and without incident, until October 2015.

17.     In October 2015, Plaintiff suffered an ankle injury. The treatment necessitated surgery.

18.     Three (3) weeks prior to her surgery, Plaintiff requested leave for her surgery and recovery period.

19.     Plaintiff did not receive a response about her leave request from Defendant.

20.     Plaintiff underwent surgery but developed Complex Regional Pain Syndrome ("CRPS") as a result of the surgery.

21.     Plaintiff's doctor prohibited her to return to work until she was fully recovered from the surgery, and CRPS.

22.     Approximately three (3) days after her surgery, and before she was fully recovered, Defendant contacted Plaintiff to return to work.

3

23.     Pursuant to Defendant's request, Plaintiff returned to work, however, her health deteriorated since she returned to work before she was fully recovered from the surgery.

24.     For the next two (2) to three (3) weeks, Plaintiff had to repeatedly leave work and go the emergency room to receive treatment for her ankle.

25.     Three (3) weeks after her surgery, Plaintiff's doctors prohibited her from returning to work as the condition of her foot and ankle were deteriorating.

26.     In November 2015, Defendant granted Plaintiff medical leave for a second surgery to correct her ankle and foot issues.

27.     Plaintiff was off work from November 2015 to May 2016.

28.     During her medical leave, Plaintiff kept in communication with Defendant by providing updates and documentation concerning her health.

29.     In the course of this communication, Plaintiff frequently updated Certich through phone calls, in-person meetings, and emails.

30.     In her constant communication with Certich, Plaintiff learned that employees with her same title in her department were being allowed to work from home.

31.     Subsequently, Plaintiff asked Certich for permission to work from home as an accommodation.

32.     Certich assured Plaintiff that this accommodation would be possible, and that other employees were already working from home.

33.     When Plaintiff returned to work in May 2016, she had new supervisor, Mike Trammel.

34.     Upon her return, Plaintiff asked for her original accommodations as well as the ability to work from home.

4

35.     Trammel instructed Plaintiff to request her original accommodations and the ability to work from home through Defendant's Human Resource Department.

36.     Defendant's Human Resource Department did not provide Plaintiff with definitive answers regarding her accommodation requests.

37.     After several months of requesting accommodations, Plaintiff was terminated on September 27, 2016.

38.     Plaintiff was told that the reason for her termination was that she "could not be given another accommodation."

39.     Defendant stated that "if there came a time where [she] would not have restrictions, [she] was welcome to apply for employment again."

## V. Allegations

## COUNT I
## Termination in Violation of the ADA

40.     The preceding paragraphs are incorporated herein as if set forth at length.

41.     Defendant paid the Plaintiff to perform services, within the regular course of its business, in accordance with a regular payroll schedule. Defendant is therefore an employer, and the Plaintiff an employee, within the meaning of the ADA.

42.     Plaintiff suffers from heart issues, had previous multiple back surgeries and has ongoing ankle problems.

43.     Plaintiff's conditions, including her ongoing ankle problems, cause her pain and require her to periodic movement. These conditions impact her ability to be sit for long periods of time.  Plaintiff is therefore disabled within the meaning of the ADA.

44.     Defendant was notified of the Plaintiff's disabilities during her interview with Certich and again, after her initial training, when Plaintiff made a formal request to Defendant's Human Resource Department.

45.     Defendant accommodated Plaintiff until October 2015.

46.     In October 2015, Plaintiff injured her ankle and required surgery.

47.     Three (3) weeks prior to her surgery, Plaintiff requested leave for her surgery and recovery period.

48.     Plaintiff did not receive a response about her leave request from Defendant.

49.     Plaintiff underwent surgery but developed Complex Regional Pain Syndrome ("CRPS") as a result of the surgery.

50.     Plaintiff's doctor prohibited her to return to work until she was fully recovered from the surgery and CRPS.

51.     Approximately three (3) days after her surgery and before she was fully recovered, Defendant contacted Plaintiff to return to work.

52.     Pursuant to Defendant's request, Plaintiff returned to work, however, her health deteriorated since she returned to work before she was fully recovered from her surgery.

53.     For the next two (2) to three (3) weeks, Plaintiff had to repeatedly leave work and go the emergency room to receive treatment for her ankle.

54.     Three (3) weeks after her surgery, Plaintiff's doctors prohibited her from returning to work as the condition of her foot and ankle were deteriorating.

55.     In November 2015, Defendant granted Plaintiff permanent leave for a second surgery to correct her ankle and foot issues.

56.     Plaintiff was off work from November 2015 to May 2016.

6

57.     When Plaintiff returned to work, she was discriminated against in the following ways;

    a.   Defendant's Human Resource Department did not provide Plaintiff with definitive answers regarding her accommodation requests.

    b.   After several months of requesting accommodations, Plaintiff was terminated on September 27, 2016.

    c.   Plaintiff was told that the reason for her termination was that she "could not be given another accommodation."

    d.   Defendant stated that "if there came a time where [she] would not have restrictions, [she] was welcome to apply for employment again."

58.     Plaintiff could have fulfilled the essential functions of her job with a reasonable accommodation.

59.     Plaintiff believes, and therefore avers, that Defendant terminated her because of her disabilities.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

**COUNT III**
**Failure to Accommodate in Violation of the ADA**

60.     The preceding paragraphs are incorporated herein as if set forth at length.

61.     Defendant paid the Plaintiff to perform services, within the regular course of its business, in accordance with a regular payroll schedule. Defendant is therefore an employer, and the Plaintiff an employee, within the meaning of the ADA.

62.     Plaintiff suffers from heart issues, had previous multiple back surgeries and has ongoing ankle problems.

63.     Plaintiff's conditions, including her ongoing ankle problems, cause her pain and require her to periodic movement. These conditions impact her ability to be sit for long periods of time.  Plaintiff is therefore disabled within the meaning of the ADA.

64.     Defendant was notified of the Plaintiff's disabilities during her interview with Certich and again, after her initial training, when Plaintiff made a formal request to Defendant's Human Resource Department.

65.     Defendant accommodated Plaintiff until October 2015.

66.     In October 2015, Plaintiff injured her ankle and required surgery.

67.     Three (3) weeks prior to her surgery, Plaintiff requested leave for her surgery and recovery period.

68.     Plaintiff did not receive a response about her leave request from Defendant.

69.     Plaintiff underwent surgery but developed Complex Regional Pain Syndrome ("CRPS") as a result of the surgery.

70.     Plaintiff's doctor prohibited her to return to work until she was fully recovered from the surgery and CRPS.

71.     Approximately three (3) days after her surgery and before she was fully recovered, Defendant contacted Plaintiff to return to work.

8

72.     Pursuant to Defendant's request, Plaintiff returned to work, however, her health deteriorated since she returned to work before she was fully recovered from her surgery.

73.     For the next two (2) to three (3) weeks, Plaintiff had to repeatedly leave work and go the emergency room to receive treatment for her ankle.

74.     Three (3) weeks after her surgery, Plaintiff's doctors prohibited her from returning to work as the condition of her foot and ankle were deteriorating.

75.     In November 2015, Defendant granted Plaintiff permanent leave for a second surgery to correct her ankle and foot issues.

76.     Plaintiff was off work from November 2015 to May 2016.

77.     When Plaintiff returned to work, she was discriminated against in the following ways;

    a.   Defendant's Human Resource Department did not provide Plaintiff with definitive answers regarding her accommodation requests.

    b.   After several months of requesting accommodations, Plaintiff was terminated on September 27, 2016.

    c.   Plaintiff was told that the reason for her termination was that she "could not be given another accommodation."

    d.   Defendant stated that "if there came a time where [she] would not have restrictions, [she] was welcome to apply for employment again."

78.     Plaintiff could have fulfilled the essential functions of her job with a reasonable accommodation.

79.     Plaintiff believes, and therefore avers, that Defendant terminated her because of her disabilities.

80.     Defendant is required by the ADA to engage in an interactive process with Plaintiff in order to determine if there is a reasonable accommodation for Plaintiff.

81.     Plaintiff attempted to engage in this process on several occasions.

82.     Defendant refused to engage in the interactive process, and refused to provide Plaintiff with a definitive answer regarding her accommodations request.

83.     Instead of accommodating Plaintiff, Defendant terminated on September 27, 2016.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully submitted,

/s/ Sean L. Ruppert
Sean L. Ruppert, Esq.
Pa. ID. No. 314380
**KRAEMER, MANES &
ASSOCIATES, LLC**
U.S. Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
412.626.5550 (p)
412.637.0144 (f)
sr@lawkm.com

*Attorney for Plaintiff*